Bruce J. Wecker (SBN 78530)
Christopher L. Lebsock (SBN 184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel:  (415) 633-1908
Fax:  (415) 358-4980

*Attorneys for Plaintiff*
*Boundary Solutions Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOUNDARY SOLUTIONS INC.,  a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CORELOGIC, INC., a Delaware corporation,<br><br>Defendant. | Case No.:<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

Plaintiff Boundary Solutions Inc. ("Plaintiff" or "BSI") files this Original Complaint for patent infringement against CoreLogic, Inc. ("CoreLogic" or "Defendant") alleging as follows:

1. BSI is an operating company engaged in the development, marketing, and sale of information and applications relating to parcel maps. BSI's content includes extensive tax roll attributes, US Postal Service compliant situs (actual) street addresses, valuation, use codes, owner information, year built, unit sales information and other property characteristics.

2. In 2001, First American Corporation ("FirstAm"), the nationwide leader in real estate title services and predecessor to Defendant CoreLogic, became interested in BSI and its National ParcelMap Data Portal ("NPDP"). On November 8, 2001, BSI pursuant to a strict non-disclosure agreement signed two days earlier, presented to the president and CEO of FirstAm, for the first time in the industry a standard FirstAm county tax roll attribute database sample

ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT                                   - 1 -

(Houston) successfully joined to a digital parcel map. The map could accurately locate the exact location of a particular address associated with a parcel boundary showing the particular tax role information when a cursor was placed inside a particular parcel. The demonstration also confirmed that all of the county records were successfully linked to parcels using BSI's process for spatially normalizing all records.

3. In January of 2002, BSI filed a provisional patent application entitled "National ParcelMap Data Portal." U.S. Patent Application No. 60/353,656. A series of patents issued in 2006 to 2011, all claiming priority to this provisional application.

4. The initial FirstAm demonstration was followed by a flurry of activity, but eventually went nowhere. Approximately two years later, FirstAm approached BSI once again. For the following two years, there was relatively continuous contact between BSI and FirstAm, under a renewed non-disclosure agreement, dated April 2, 2004. BSI and FirstAm discussed BSI's pending patent application. FirstAm expressed a high level of interest in the ability of BSI's NPDP to establish the exact location of parcel addresses, something that its own experts had not accomplished.

5. According to FirstAm, "BSI is using parcel coverages to enable address search mechanisms that identify the exact location of property rather than less accurate geo-coded address points." These improved services would "enhance [FirstAM's] automation from [its] databases and also speed up the manual determination process. Use of this information would provide advantages over competition by increasing automation rates and lowering lower cost structure."

6. Thus, FirstAm concluded that BSI's patents would be quite valuable to it: "[i]deally, the goal is to create the situation whereby [FirstAm] has the ability to locate the exact address sites and prevent others from using the same technology." After a protracted review process, FirstAm passed on any business relationship and instead directed its own engineers to copy BSI's product plans and introduce its own NPDP. The following year, FirstAm filed the first of its copy-cat patent applications, Provisional application No. 60/872,831, filed on December 5, 2006, adopting many of the BSI inventions without disclosing to the USPTO the true inventors of

its patent.

7. Beginning in 2005, on information and belief, CoreLogic introduced a series of improvements to its products to include parcel mapping functions and applications. Such improvements included its Parcel Point and PxParcel products. Other products such as Xiance rely on parcel-level geocoding to return the exact location as a basis for analysis of taxing jurisdiction information. CoreLogic also bundles its Parcel Point data in with specialized datasets such as its Marcellus & Utica Shale Data Suites.

## THE PARTIES

8. Plaintiff BSI is a corporation organized under the laws of the state of California with its principal place of business in Mill Valley, CA. It is the owner of United States Patent Nos. 7,092,957, 7,499,946, and 8,065,352 ("Patents-in-Suit").

9. Defendant CoreLogic, on information and belief, is a corporation organized under the laws of the State of Delaware. CoreLogic is doing business in Northern California, and has its principal place of business at 40 Pacifica Suite 900, Irvine, CA 92618 USA.

## JURISDICTION & VENUE

10. This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and jurisdiction is properly based on 35 U.S.C. § 271 and 28 U.S.C. § 1338(a).

11. Venue is proper in this district under 28 U.S.C. §§ 1391(b-c) and 1400(b). Upon information and belief, Defendant transacts or has transacted business in this judicial district, or committed and/or induced acts of patent infringement in this district.

## INTRADISTRICT ASSIGNMENT

12. This action is an intellectual property action subject to district-wide assignment.

## FACTUAL BACKGROUND

13. On August 15, 2006, United States Patent No.7,092,957, ("the '957 patent") entitled "Computerized national online parcel-level map data portal" was duly and legally issued. BSI holds the title by assignment from the inventor, Dennis Klein, including the right to sue for past, present and future damages. A copy of the '957 patent is attached as Exhibit A.

ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT - 3 -

14. On March 3, 2009, United States Patent No. 7,499,946, ("the '946 patent") entitled "Computerized national online parcel-level map data portal" was duly and legally issued. BSI holds the title by assignment from the inventor, Dennis Klein, including the right to sue for past, present and future damages. A copy of the '946 patent is attached as Exhibit B.

15. On November 22, 2011, United States Patent No. 8,065,352 ("the '352 patent") entitled "Computerized national online parcel-level map data portal" was duly and legally issued. BSI holds the title by assignment from the inventor, Dennis Klein, including the right to sue for past, present and future damages. A copy of the '352 patent is attached as Exhibit C.

16. The ''957, '946, and '352 patents ("Patents-in-Suit") are directed to methods for the online delivery of parcel-level maps and linked attribute data. To do this, the NPDP manages a database of assembled and current vector based parcel data in a spatial format that enables geocoded parcel boundaries to be linked to property tax and other records. A user enters a street address or Assessor's Parcel Number ("APN") into an appropriate screen window to call up and view road right-of-ways, parcel boundaries at the "exact" address location highlighting the parcel area. In addition, by placing the cursor within a parcel, a list of property record attributes such as owner, use code, assessed value and year constructed can be displayed. Users may customize the NPDP to perform a variety of spatial analysis/reporting functions. Custom functions utilizing the NPDP can include title company flood disclosure determinations. An "exact" location polygon can streamline flood insurance disclosure determinations, as for example, determining whether or not a parcel is in the flood zone by calculating whether its boundary is in or crosses a flood zone boundary polygon. An address list of all addresses for which flood insurance determination is desired is used to retrieve the corresponding parcel boundaries and spatially compared to the pertinent flood zone polygons to see if it is in, partially in, near or not in the flood zone. Many other applications are enabled by BSI's novel map utilizing parcel boundaries with improved interactivity and automation capabilities.

17. Pursuant to 35 U.S.C. § 282, the Patents-in-Suit are presumed valid.

18. On information and belief, Defendant CoreLogic develops markets and distributes infringing products including its Parcel Point, PxParcel, Xiance, and Marcellus & Utica Shale

ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT             - 4 -

Data Suites

19. On information and belief, Defendants have known of BSI's patents, or parent patents or applications, at least since July 24, 2003. On that date, CoreLogic's predecessor First American Title was aware of the original application and it was published by the USPTO.

## COUNT I

### (Defendant's Patent Infringement)

20. Plaintiff incorporates by reference the allegations of paragraphs 1 through 10 above.

21. BSI is the owner of the Patents-in-Suit.

22. Defendant has infringed and is still infringing the Patents-in-Suit, by, without authority, consent, right or license, and in direct infringement of the patents, making, using, offering for sale and/or selling parcel mapping products using the methods claimed in the patent in this country. This conduct constitutes infringement under 35 U.S.C. § 271(a).

23. In addition, Defendant has infringed and is still infringing the Patents-in-Suit in this country, through, inter alia, its active inducement of others to make, use, and/or sell the products and methods claimed in one or more claims of the patent. This conduct constitutes infringement under 35 U.S.C. § 271(b).

24. In addition, Defendant has infringed and is still infringing the Patents-in-Suit in this country through, inter alia, providing and selling goods and services including products designed for use in practicing one or more claims of the Patents-in-Suit, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the Patents-in-Suit. Defendant has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes the Patents-in-Suit. This conduct constitutes infringement under 35 U.S.C. § 271(c).

25. Defendant's infringing conduct is unlawful and willful. Defendant's willful conduct makes this an exceptional case as provided in 35 U.S.C. § 285.

26. As a result of Defendant's infringement, Plaintiff has been damaged, and will

ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT - 5 -

1  continue to be damaged, until they are enjoined from further acts of infringement.

2      27.    Defendant will continue to infringe the Patents-in-Suit unless enjoined by this
3  Court. Plaintiff faces real, substantial and irreparable damage and injury of a continuing nature
4  from Defendant's infringement for which Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

6      Wherefore, Plaintiff prays for entry of judgment:

7      A.    declaring that Defendant has infringed one or more claims, specifically including
8  claim 1, of each of the Patents-in-Suit;

9      B.    that Defendant be permanently enjoined from further infringement, including
10  contributory infringement and/or inducing infringement, of the Patents-in-Suit, or in the
11  alternative awarding a royalty for post-judgment infringement;

12      C.    that Defendant account for and pay to Plaintiff all damages caused by its
13  infringement of the Patents-in-Suit, which by statute can be no less than a reasonable royalty;

14      D.    that Plaintiff be granted pre-judgment and post-judgment interest on the damages
15  caused to it by reason of Defendants infringement of the Patents-in-Suit;

16      E.    that Defendant's infringement of the Patents-in-Suit be adjudged willful and that
17  the damages to Plaintiff be increased by three times the amount found or assessed pursuant to 35
18  U.S.C. § 284;

19      F.    that this be adjudged an exceptional case and that Plaintiff be awarded its attorney's
20  fees in this action pursuant to 35 U.S.C. § 285;

21      G.    that costs be awarded to Plaintiff; and

22      H.    that Plaintiff be granted such other and further relief as the Court may deem just
23  and proper under the current circumstances.

**DEMAND FOR JURY TRIAL**

25      Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

26  Dated: February 19, 2014                  Respectfully submitted,

By:   /s/ *Bruce J. Wecker*
       BRUCE J. WECKER

ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT        - 6 -

Bruce J. Wecker (SBN 78530)
Christopher L. Lebsock (SBN 184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: (415) 633-1908
Fax: (415) 358-4980
Email: bwecker@hausfeldllp.com
          clebsock@hausfeldllp.com

*Attorneys for Plaintiff Boundary Solutions Inc.*

ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT             - 7 -