UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOUNDARIES SOLUTIONS INC., ) | Case No. 5:14-cv-00761-PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS** |
| v. ) | |
| ) | |
| CORELOGIC, INC., ) | **(Re: Docket No. 28)** |
| ) | |
| Defendant. ) | |

Defendant CoreLogic, Inc. moves to dismiss Plaintiff Boundaries Solutions Inc.'s First Amended Complaint for failure to state facts sufficient to support BSI's claims for induced, contributory and willful patent infringement.[1] BSI opposes, and the parties appeared for a hearing.[2] Having considered the arguments and evidence presented, the court hereby GRANTS CoreLogic's motion to dismiss, but only IN PART.

---

[1] *See* Docket No. 28.

[2] *See* Docket Nos. 29, 34.

1

Case No.: 14-00761-PSG
**ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS**

# I. BACKGROUND[3]

BSI is the owner of U.S. Patent Nos. 7,092,957, 7,499,946 and 8,065,352.[4] The patents all relate to methods for the online delivery of parcel-level maps and linked attribute data.[5] BSI's flagship product, National ParcelMap Data Portal, incorporates the methods covered in these patents by managing a database of parcel data in a spatial format that enables geocoded parcel boundaries to be linked to property tax and other records.[6] Users also may customize NPDP to incorporate a parcel boundary layer into their own mapping applications.[7] For example, NPDP may be customized to streamline flood insurance disclosure decisions by determining whether a parcel boundary is in or crosses a flood zone boundary.[8]

CoreLogic develops, markets and distributes products to customers including ParcelPoint, PxPoint, Xiance, Marcellus & Utica Shale Data Suites.[9] These products enable the searching, retrieving and display of parcel boundary maps joined with associated information.[10] For example, CoreLogic's website explains how ParcelPoint helped the Trust for Public Land use parcel data to identify how many children live within a half mile from a given park.[11]

Pursuant to a non-disclosure agreement, BSI shared its NPDP-related technology and the related pending non-provisional patent application with CoreLogic's predecessor, First American Title.[12] FirstAm expressed interest in acquiring BSI and indicated that the patent application was

---

[3] Except where otherwise noted, the court draws the following facts, taken as true for the purposes of a motion to dismiss, from BSI's FAC.

[4] *See* Docket No. 25 at ¶ 8.

[5] *See id*. at ¶ 16.

[6] *See id*.

[7] *See id*.

[8] *See id*.

[9] *See id*. at ¶ 18.

[10] *See id*.

[11] *See id*.

[12] *See id*. at ¶ 2.

2
Case No.: 14-00761-PSG
**ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS**

an enticing asset in such a transaction.[13] But FirstAm ultimately elected not to pursue any business relationship and instead directed its engineers to copy BSI's product plans and introduce its own NPDP.[14] FirstAm later filed several copycat patent applications adopting many of BSI's inventions without disclosing the true inventors to the United States Patent and Trademark Office.[15]

At or about the time FirstAm declined a business relationship with BSI, CoreLogic introduced a series of improvements to its products to include parcel mapping functions and applications.[16] CoreLogic cited the patents-in-suit multiple times in connection with the prosecution of its own patents.[17] In particular, CoreLogic cited the '957 patent and the '946 patent application in connection with the application that led to its U.S. Patent No. 7,917,292. The same disclosure was made in connection with the application that led to U.S. Patent No. 8,542,884.[18]

On May 28, 2014, BSI filed the FAC. Among other things, the FAC alleges: (1) CoreLogic directly infringed the '957, '946 and '352 patents by developing, marketing and distributing its products; (2) CoreLogic contributed and continues to contribute to acts of infringement by inducing its consumers to use its infringing products; (3) CoreLogic has sold or used its products—which have no substantial non-infringing uses—with the knowledge that these products infringe BSI's patents; and (4) CoreLogic's infringing conduct is willful.[19]

## II. LEGAL STANDARDS

---

[13] *See id*. at ¶ 4.

[14] *See id*. at ¶ 6.

[15] *See id*.

[16] *See id*. at ¶ 7.

[17] *See id*. at ¶ 19.

[18] *See id*.

[19] *See id*. at ¶ 22-25.

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[20] This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully."[21] While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."[22] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[23] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[24] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[25]

Fed. R. Civ. P. 12(b)(6) requires that a district court considering a motion to dismiss accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff.[26] However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[27] Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[28]

To state a claim of patent infringement, "a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the

---

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[22] *Twombly*, 550 U.S. at 544, 555.

[23] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[24] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[25] *Id.*

[26] *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

[27] *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

[28] *Iqbal*, 556 U.S. at 678.

patent, and without authority of the patent holder."[29] A claimant is not required to "to set out in detail the facts upon which he bases his claim;" instead, the complaint "need only plead facts sufficient to place the alleged infringer on notice."[30]

If the court dismisses a complaint, it must decide whether to grant leave to amend. Because whether to grant leave is purely a question of procedure, courts apply the law of the regional circuit.[31] The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[32]

### III. DISCUSSION

CoreLogic has not moved to dismiss BSI's claim that CoreLogic directly infringes.[33] Instead, CoreLogic argues that the FAC does not provide the facts necessary to support BSI's allegations of patent infringement by inducement, contributory infringement and willful infringement.[34] CoreLogic presents four specific challenges. First, BSI has not pleaded facts sufficient to establish direct infringement by a third party. Second, BSI has not pleaded that CoreLogic had knowledge of the patents-in-suit or that CoreLogic specifically intended its customers infringe BSI's patents as required to establish a claim of inducement and contributory infringement. Third, BSI's conclusory statement that there are no substantial non-infringing uses is insufficient to establish a basis for contributory infringement. Fourth, the FAC fails to establish pre-litigation knowledge of the patents necessary to support a claim for willful infringement.

---

[29] *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1249 (N.D. Cal. 1997).

[30] *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

[31] *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).

[32] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

[33] *See* Docket No. 28 at 5-10.

[34] *Id.*

5
Case No.: 14-00761-PSG
**ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS**

### A. BSI's Allegations Of Third-Party Direct Infringement Are Sufficient

There can be no indirect infringement without an underlying act of direct infringement.[35] CoreLogic alleges that the FAC fails to identify any specific or necessary third-party infringing use or any specific or necessary third-party infringer, referring only to unnamed CoreLogic customers.[36] The FAC's reference to CoreLogic customers who have purchased and used the allegedly infringing products is sufficient to support a reasonable inference that these customers have directly infringed. This district has held that patentees need not identify individual customers in order to state a plausible claim for patent infringement provided there exists at least an allegation by the patentee that the defendant's customers directly infringe or that customers necessarily infringe.[37] BSI's complaint alleges that CoreLogic's infringing products are sold to customers and used by them.[38] This allegation thus sufficiently identifies who infringes (CoreLogic's customers) and how (by using the infringing products).

### B. BSI's Allegations Of Induced Infringement Are Sufficient In Part

"Liability [for induced infringement] under § 271(b) requires knowledge that the induced acts constitute patent infringement."[39] In addition, "the specific intent necessary to induce

---

[35] *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) (quoting *Global Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011) (quotation marks omitted)).

[36] *See* Docket No. 28 at 6.

[37] *See e.g. Symantec Corp. v. Veeam Software Corp.*, Case No. 12-700, 2012 WL 1965832, at *4 (N.D. Cal. May 31, 2012); *Rambus, Inc. v. Nvidia Corp.*, Case No. 08-3343, 2008 WL 4911165, at *3 (N.D. Cal. Nov. 13, 2008); *Talon Research, LLC v. Hynix Semiconductor Am. Inc.*, Case No. 11-5058, 2012 WL 1188909, at *1 (N.D. Cal. Apr. 9, 2012); *Skyworks Solutions Inc., v. Kinetic Tech. Inc.*, Case No. 14-0010, 2014 WL 1339829, at *5 (N.D. Cal. Apr. 2, 2014) (explaining it is sufficient for a claim of indirect infringement to allege "both who committed the alleged direct infringement (Kinetic's customers) and how"): *cf. CreAgri, Inc. v. Pinnaclife, Inc.*, Case No. 11-6635, 2013 WL 11569, at *3 (N.D. Cal. Jan. 1, 2013) (dismissing a claim for indirect infringement where "there is no allegation that any of these third parties has actually directly infringed, nor than use of any Pinnaclife product necessarily infringes").

[38] *See* Docket No. 25 at ¶ 18.

[39] *In re Bill of Lading*, 681 F.3d at 1339.

infringement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement."[40] CoreLogic asserts that the FAC does not allege sufficient facts to support a reasonable inference that CoreLogic either knew its customers actually infringed or had the specific intent for its customers to infringe the patents.[41]

The court agrees that the FAC fails to state sufficient knowledge and intent, at least as to the '946 and '352 patents. The FAC alleges that CoreLogic referenced the '957 patent in connection with its own patents. Based on this allegation, it is reasonably plausible that CoreLogic knew of the '957 patent.[42] But BSI has not pleaded sufficient facts to demonstrate that CoreLogic knew of the '946 and '352 patents. While BSI does allege that CoreLogic knew about the application pending to the '946 patent, knowledge of a patent application does not equal knowledge of issued patents.[43] Furthermore, there is no allegation in the FAC whatsoever to establish CoreLogic had any knowledge of the '352 patent. For a claim of induced infringement, knowledge of the patent can be established through an earlier complaint filed with the district court, but the claim is limited to the post-filing conduct.[44] BSI argues that knowledge of the '946 and '352 patents thus may be established at least with respect to CoreLogic's post-filing conduct. The FAC fails, however, even to reference that BSI ever filed a previous complaint. The FAC therefore does not sufficiently allege knowledge of the '946 and '352 patents prior to the present action.[45]

---

[40] *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008) (citations omitted).

[41] *See* Docket No. 28 at 6-8.

[42] *Cf. Potter Voice Technologies, LLC v. Apple Inc.*, Case No. 13-1710, 2014 WL 46768, at *3 (N.D. Cal. Jan. 6, 2014) (explaining that the Apple's knowledge of the '659 patent may be reasonably inferred from its employees' earlier references to the '659 patent as prior art).

[43] *See DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).

[44] *See Bascom Research LLC v. Facebook, Inc.*, Case No. 12-6293, 2013 WL 968210, at *4 (N.D. Cal. Mar. 12, 2013).

[45] *See e.g. Smartwater, Ltd. v. Applied DNA Sciences, Inc.*, 12-5731, 2013 WL 5440599, at *8 (E.D.N.Y. Sept. 27, 2013) (holding that the plaintiff's allegation of induced infringement was sufficient insofar as the amended complaint alleged knowledge based on the previous complaint).

As for the specific intent requirement, the FAC does provide sufficient facts to show CoreLogic specifically intended its customers to infringe the surviving '957 patent. The FAC asserts that CoreLogic encourages its customers to use its allegedly infringing products which are sold directly to customers and used by them "in conjunction with CoreLogic's online services, or combined with other data by the customer to provide their own online services or GIS applications."[46] The FAC further indicates that CoreLogic provides online services to help its customers use the products.[47] From this language, it is plausible that CoreLogic, by selling the infringing products, specifically intended that their customers use them and thus infringe the patents.[48]

### C.  BSI's Allegations Of Contributory Infringement Are Sufficient In Part

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent."[49] The knowledge requirement for contributory infringement and inducement are the same.[50] For the reasons mentioned above, the FAC alleges sufficient knowledge of the '957 patent to support a claim of contributory infringement.

---

[46] *See* Docket No. 25 at ¶ 18.

[47] *Id.*

[48] *See CreAgri, Inc. v. Pinnaclife Inc.*, Case No. 11-06635, 2013 WL 3958379, at *4 (N.D. Cal. Jul. 29, 2013) (explaining that "where … a party, with knowledge of another party's patent, advertises or promotes its product for use in an infringing manner, this is sufficient to support an inference that the promoting party intended to induce infringement"); *see also California Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*, Case No. 10-05067, 2011 WL 672709, at *5 (N.D. Cal. Feb. 16, 2011) ("[O]ne can infer from the information on the website, publicizing the technologies, offering brochures describing the products and users' manuals, as well as listing company customers, that Defendants were advertising and intended to use or sell the technologies").

[49] *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)).

[50] *Global Tech Appliances, Inc.*, 131 S.Ct. at 2068.

8
Case No.: 14-00761-PSG
**ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS**

Additionally, in order to state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."[51] The FAC asserts that the accused products feature the searching, retrieving and display of infringing parcel boundary maps and associated information that are designed for use in an infringing manner and have no substantial non-infringing uses.[52] This plain assertion is sufficient to give CoreLogic notice of the claim.[53]

### D. BSI's Allegations Of Willful Infringement Are Sufficient In Part

"[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."[54] "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."[55]

Where a complaint (1) specifically identifies the accused products, (2) alleges pre-suit knowledge, (3) alleges the infringing acts are willful, intentional and conscious and (4) alleges plaintiff has and will continue to be irreparably harmed by the infringement, that complaint sufficiently states a claim for willful infringement.[56] The FAC specifically identifies the accused products, alleges CoreLogic had pre-suit knowledge of the '957 patent, alleges the infringing acts

---

[51] *Id.*

[52] *See* Docket No. 25 at ¶ 18.

[53] *See Skyworks Solutions Inc.*, 2014 WL 1339829, at *3.

[54] *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

[55] *Id.* at 1374.

[56] *See Emblaze Ltd. v. Apple Inc.*, Case No. 11-1079, 2012 WL 5940782, at *8 (N.D. Cal. Nov. 27, 2012); *see also Oracle Corp. v. DrugLogic, Inc.*, 807 F.Supp. 2d 885, 902-903 (N.D. Cal. 2011) (finding sufficient facts to support a claim for willful infringement where plaintiff identified the accused products, alleged defendant was aware of the patent and had actual notice of the infringement claims).

9
Case No.: 14-00761-PSG
**ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS**

are willful, intentional, and conscious and alleges that the plaintiff has and will continue to be irreparably harmed by the infringement.[57] The result is that BSI clears this pleading hurdle.

## IV. CONCLUSION

CoreLogic's motion to dismiss as to the claims for inducement, contributory, and willful infringement with respect to the '957 patent is denied.

CoreLogic's motion to dismiss as to the claims of inducement, contributory, and willful infringement of the '946 and '352 patents is granted. Because the court is not persuaded that any amendment would be futile, this dismissal is with leave to amend.

Any amended complaint shall be filed within 14 days. A scheduling order will issue separately.

**IT IS SO ORDERED.**

Dated: September 29, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[57] See Docket No. 25 at ¶ 18, 19, 25-26 (alleging "Parcel Point, PxPoint, Xiance, Marcellus & Utica Shale Data Suites and [CoreLogic's] flood zone determination services" are infringing products; CoreLogic has "known of BSI's patents … at least since 2003;" CoreLogic's conduct is "unlawful and willful;" and that BSI "has been damaged, and will continue to be damaged," by these actions).