UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BOUNDARIES SOLUTIONS INC., | ) | Case No. 5:14-cv-00761-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO STAY** |
| v. | ) | |
| | ) | **(Re: Docket No. 52)** |
| CORELOGIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

A modern patent case would not be a modern patent case without a motion to stay pending review proceedings before the Patent and Trademark Office. And for good reason. With the America Invents Act, Congress has made it clear that it wants the PTO playing a more significant, if dominant, role in evaluating the validity of patents in litigation. Not only must the PTO play this role, it must do so on a schedule that Congress set.[1] And so when the patents before a court are at the same time the subject of proceedings before the PTO, it makes sense that courts generally defer when the PTO has decided to step in.

But what if the PTO has not yet decided whether to step in? That is what the court confronts in the present case. On November 3, 2014, Defendant CoreLogic, Inc. filed five petitions

---

[1] *See, e.g.*, 35 U.S.C. § 316(a)(11).

1

Case No.: 14-00761-PSG
ORDER DENYING MOTION TO STAY

for *inter partes* review directed against every asserted claim identified in Plaintiff Boundary Solutions Inc.'s infringement contentions.[2] The petitions raise numerous invalidity grounds based on multiple prior art publications that each disclose multi-jurisdiction parcel mapping applications like the systems and methods claimed in the patents-in-suit. CoreLogic also informs the court that "in the coming months" it intends to file additional petitions under the PTO's Transitional Program for Covered Business Method (CBM) patents. Critically, as yet, the PTO has not decided whether any IPR or CBM review will go forward.

In determining whether to grant a stay pending PTO review, courts consider a variety of factors, including (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.[3] And so even though no decision on any petition filed (and certainly any petition not yet filed) has been made, a case could be made that, on balance, a stay still makes sense. This is especially true when discovery has yet to get going in earnest, no preliminary injunction has been filed and a trial date is still many months away. But in the period before the PTO has yet to make any decision, the court is hard-pressed to say that a stay will simplify any issue. While appreciating the statistical rate at which petitions have been granted to date, this court is unwilling to assume the PTO and its Administrative Law Judges are nothing more than well-educated, well-trained rubber stamps. And where, as here, the patent owner has proffered evidence that it competes[4]—however poorly—against the accused infringer, there is real prejudice from delay that might be completely unnecessary.[5]

---

[2] *See* Docket No. 52-5-52-6.

[3] *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, Case No. 12-cv-04958, 2013 U.S. Dist. LEXIS 118723, at *11 (N.D. Cal. Aug. 16, 2013).

[4] *See* Docket No. 58-5 at ¶¶ 5-8.

[5] *See ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, Case No. 12-cv-00054, 2013 WL 663535, at *6 (D. Del. Feb. 25, 2013) ("It is well established that [c]ourts are generally reluctant to stay proceedings where the parties are direct competitors.") (internal quotation marks and citations omitted), *report and recommendation adopted*, 2013 WL 1743854 (D. Del. Apr. 22, 2013);

Corelogic's motion to stay is DENIED, without prejudice to Corelogic renewing its motion upon a decision by the PTO to initiate review proceedings that are likely to significantly simplify the issues in dispute in this case.

**SO ORDERED.**

Dated: December 19, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

*SenoRx, Inc. v. Hologic, Inc.*, Case No. 12-cv-00173, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013) (*Citing Nat'l Products, Inc. v. Gamber-Johnson, LLC*, Case No. 12-cv-00841, 2012 WL 3527938, at *2-3 (W.D. Wash. Aug. 14, 2012) (holding that delaying adjudication of a dispute between the competing parties then can "have outsized consequences to the party asserting [claims for relief,] including the potential for loss of market share and an erosion of goodwill").