UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOUNDARIES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> CORELOGIC, INC., <br><br> Defendant. | Case No. 5:14-cv-00761-PSG <br><br> **ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> **(Re: Docket No. 50)** |

After the court dismissed its claims for indirect and willful infringement of U.S. Patent No. 8,065,352,[1] Plaintiff Boundaries Solutions Inc. filed a second amended complaint to try again. BSI also added several new accused products, broadening the scope of its claims against Defendant CoreLogic, Inc. While this court is still not satisfied that BSI has sufficiently pleaded its claims of pre-suit indirect and willful infringement as to the '352 patent, the newly-added accused products bear sufficient relation to those previously identified so as not to unduly prejudice CoreLogic. CoreLogic's motion therefore is GRANTED, but only IN-PART.

---

[1] *See* Docket No. 35.

1

Case No. 5:14-cv-00761-PSG
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

**I.**

The '352 patent issued to BSI and covers "methods for retrieving and displaying geographic parcel boundary polygon maps."[2] BSI claims the patented methods form an integral part of its National ParcelMap Data Portal.[3] CoreLogic develops, markets and distributes various products that allegedly infringe the claimed methods, including Xiance, RealQuest, Realist, ValueMap, AgentAchieve and AppraiserSuite.[4] Some of these products were specifically named in earlier complaints; others made their first explicit appearance in the SAC. Although the SAC makes no specific reference to Corelogic's pre-suit knowledge of the '352 patent, BSI does allege that during product development CoreLogic had knowledge of BSI's intent to file patents on technology associated with all three of the patents-in-suit and that CoreLogic could have—with a small amount of due diligence—determined that its forthcoming products would infringe BSI's patents.[5][6] CoreLogic seeks to dismiss the pre-suit indirect and willful infringement claims as to the '352 patent as well as the newly-added accused products.

**II.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a). The parties further consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[7] The court's review is

---

[2] *See* Docket No. 42 at ¶ 17.

[3] *See id.*

[4] *See id.* at ¶19.

[5] *See id.* at ¶ 33. BSI further alleges that CoreLogic failed to disclose the BSI prior art to the USPTO during prosecution of Corelogic's alleged copycat applications.

[6] *See id.* at ¶ 32.

[7] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

2
Case No. 5:14-cv-00761-PSG
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[8] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[9]

### III.

Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[10] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[11] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

To state a claim of patent infringement, "a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without authority of the patent holder."[13] A claimant need not "set out in detail the facts upon which he bases his claim" but must "plead[s] facts sufficient to place the alleged infringer on notice."[14]

---

[8] *See id.*

[9] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[10] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[13] *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1249 (N.D. Cal. 1997).

[14] *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").

CoreLogic first asks this court to dismiss all claims against the newly-added accused products. CoreLogic contends that due to the "manifest inadequacies" of the charges against the newly-added accused products, and the ample opportunity BSI had to investigate the products, the court should not allow them in. BuT BSI was reasonably diligent in identifying the offending technology; the newly-added accused products appear to be little more than an articulation of specific product names for the technology referenced in the FAC. Because the underlying infringing database and the infringement analysis that accompanies are substantially unchanged, the prejudice to Corelogic appears minimal.[15] This is especially true where—as here— a trial date has yet to be set, and a renewed motion to stay based on pending inter partes review may be in the offing.[16]

CoreLogic stands on better ground in asking the court to dismiss BSI's claims of pre-suit indirect infringement of the '352 patent and willful infringement. In order to claim such indirect infringement, BSI must allege that during the period in question CoreLogic had "knowledge that the induced acts constitute patent infringement."[17] "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent."[18] BSI's SAC has not remedied the fatal flaw with its FAC: no allegation that CoreLogic ever knew about the '352 patent before BSI filed this suit. The best BSI can do is to suggest that CoreLogic knew BSI would likely file a patent application related to its technology and thus should have kept tabs on the progress of the application by

---

[15] In granting-in-part CoreLogic's Motion to Strike, the court ordered BSI to address any deficiencies in BSI's disclosed analysis by serving amended contentions no later than January 9, 2014. *See* Docket No. 70.

[16] *See* Docket No. 68.

[17] *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

[18] *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).

4
Case No. 5:14-cv-00761-PSG
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

tracking it online.  But this kind of affirmative duty to sniff out a potential patent is far beyond any duty recognized by the Federal Circuit, this court or any other court.

The notion that CoreLogic was "willfully blind" to the existence of the patent is similarly tenuous.  To show willful blindness, BSI must allege that CoreLogic believed that BSI held the '352 patent or a patent that was substantially similar, and that CoreLogic deliberately avoided verifying that belief.[19]  BSI does allege that CoreLogic was aware of pending patent applications or technology related to the '957 and '946 patents.[20]  But those patents are not at issue here.  And the law is clear that knowledge of a patent application does not suffice to show willful blindness.[21]  "District Courts have regularly required that plaintiffs plead knowledge of the actual patents at issue and not mere knowledge of the pendency of patent applications."[22]  The bottom line is that BSI has failed to establish that CoreLogic knew about the '352 patent before the initiation of this suit, rendering it implausible that Corelogic indirectly infringed during that time.[23]

**IV.**

CoreLogic's motion to dismiss is GRANTED-IN-PART.  Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[24]  Because

---

[19] *See Global-Tech*, 131 S. Ct. at 2069.

[20] *See* Docket No. 42 at ¶¶ 21, 33-34.

[21] *See, e.g.*, *Solannex, Inc. v. MiaSole*, Case No. 11-cv-00171, 2011 WL 4021558, at *3 (N.D. Cal. Sept. 9, 2011); *IpVenture, Inc. v. Cellco P'ship*, Case No. 10-cv-04755, 2011 WL 207978, at *2-3 (N.D. Cal. Jan. 21, 2011).

[22] *LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*, Case No. 11-cv-06173, 2012 WL 1965878, at *4-5 (N.D. Cal. May 30, 2012).

[23] CoreLogic has conceded that it "does not seek to dismiss BSI's post-filing indirect infringement claims."  The court thus does not address this issue.  *See* Docket No. 61 at 3.

[24] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

5
Case No. 5:14-cv-00761-PSG
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

BSI has already had the opportunity to amend and was unable to cure the deficiencies in its pre-suit indirect infringement claim as to the '352 patent, the court finds that further amendment would be futile; the claim is dismissed with prejudice.

**SO ORDERED.**

Dated: December 30, 2014

                                        */s/ Paul S. Grewal*
                                        PAUL S. GREWAL
                                        United States Magistrate Judge

Case No. 5:14-cv-00761-PSG
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT